Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | American Hospice Management Holdings, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 0 - 0 3 4 3 3 2 4 |

4. **Debtor's address**

**Principal place of business**

50        North Laura Street
Number        Street

Suite 1800

Jacksonville        FL        32202
City        State        ZIP Code

Duval
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City        State        ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City        State        ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.americanhospice.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor   **American Hospice Management Holdings, LLC**                    Case number (if known) _____
         Name

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

      ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
      ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
      ☐ Railroad (as defined in 11 U.S.C. § 101(44))
      ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
      ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
      ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
      ☐ None of the above

B. *Check all that apply:*

      ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
      ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
      ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/ .
6   2   1   6   1   0

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

      ☐ Chapter 7
      ☐ Chapter 9
      ☒ Chapter 11. *Check all that apply:*

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

      ☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
|---|---|---|
| | If more than 2 cases, attach a separate list. | ☐ Yes. District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |
| | | District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
|---|---|---|
| | | ☒ Yes. Debtor **See Rider 1**     Relationship **Affiliates** |
| | List all cases. If more than 1, attach a separate list. | District **Delaware**     When **03/16/2016** |
| | | MM / DD / YYYY |
| | | Case number, if known _____ |

Debtor  **American Hospice Management Holdings, LLC**
        Name

Case number (*if known*) _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

_____

_____
City                                State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information (on a consolidated basis)

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49      ☒ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99      ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199      ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

---

**15. Estimated assets**

☐ $0-$50,000      ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☒ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000      ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million      ☐ $100,000,001-$500 million      ☐ More than $50 billion

---

| Debtor | American Hospice Management Holdings, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**15. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/ 14 /2016
MM / DD / YYYY

X _____          Scott Mahosky
Signature of authorized representative of debtor          Printed name

Title Chief Executive Officer

**18. Signature of attorney**

X _____          Date  03/ 20 /2016
Signature of attorney for debtor          MM / DD / YYYY

Laura Davis Jones
Printed name
PACHULSKI STANG ZIEHL & JONES
Firm name
919          North Market Street, 17th Floor
Number          Street
Wilmington                              DE          19801
City                              State          ZIP Code

302.652.4100                          ljones@pszjlaw.com
Contact phone                          Email address

2436                              Delaware
Bar number                          State

## Rider 1

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of American Hospice Management Holdings, LLC.

1. American Hospice Management Holdings, LLC (2689)
2. American Hospice Management, LLC (4237)
3. Embracing HospiceCare of South Atlanta, LLC (2689)
4. Embracing HospiceCare, LLC (2674)
5. FMC - Deep East Texas, LLC (8614)
6. FMC Hospice - Conroe, LLC (8960)
7. Frontier Hospice, LLC (0349)
8. Hospice of Arizona, LC (1618)
9. Hospice of Central Virginia, LLC (6612)
10. Hospice of New Jersey, LLC (9123)
11. Hospice of Pennsylvania, LLC (9749)

## AMERICAN HOSPICE MANAGEMENT HOLDINGS, LLC

### Written Consent of Managers Without a Meeting

March 16, 2016

Pursuant to the Amended and Restated Limited Liability Company Operating Agreement of American Hospice Management Holdings, LLC, a Delaware limited liability company (the "Company"), and the Delaware Limited Liability Company Act, the undersigned, being all of the managers of the Company (collectively, the "Managers"), hereby consent in writing by this Written Consent of Managers Without a Meeting (this "Consent") to the adoption of the following resolutions with the same force and effect as if they had been unanimously adopted by a duly convened meeting of the Managers of the Company:

Chapter 11 Case

WHEREAS, the Managers have reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, and credit-market conditions;

WHEREAS, the Managers have had the opportunity to consult with the Company's management as well as its financial and legal advisors and fully considered each of the strategic alternatives available to the Company;

WHEREAS, the Managers have been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought;

WHEREAS, the Managers have determined that it is in the best interests of the Company and its stakeholders that the Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

WHEREAS, the Managers were presented with a draft of, and considered the transaction contemplated by, the proposed DIP Financing (the "DIP Financing");

WHEREAS, the Managers reviewed the terms of the DIP Financing and the transactions contemplated thereby with the Company's management, legal advisors, and financial advisors;

WHEREAS, in connection with the contemplated filing for relief under chapter 11 of the Bankruptcy Code, it is contemplated that the Company will seek the approval of the Bankruptcy Court of a process to sell substantially all of the Company's assets, or some portion thereof as the Company deems appropriate in its reasonable business judgment,

(the "Sale Process") pursuant to, among other sections and rules, section 363 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and other interests, except as otherwise may be provided in any transaction documents or court orders, and that the Company intends to sell substantially all of its assets pursuant to such court-supervised process, subject to the terms and conditions of various documents that will be considered and negotiated by the Company including, but not limited to, an asset purchase agreement;

**NOW THEREFORE, BE IT RESOLVED**, that the Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized thereby; and it is

**FURTHER RESOLVED**, that each of the officers of the Company, including, without limitation, the Chief Executive Officer, Chief Financial Officer, and Chief Compliance Officer (each, an "Authorized Officer," and collectively, the "Authorized Officers") is hereby authorized, empowered, and directed in the name and on behalf of the Company to take all actions in connection with the chapter 11 case; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Company shall determine; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed in the name of and on behalf of the Company, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accounts, or other professionals and to take any and all other action which they or any one of them deem necessary or appropriate in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

DIP Financing

**FURTHER RESOLVED**, that the Authorized Officers of the Company be, and each of them individually hereby is, authorized, empowered, and directed to (a) enter into (i) the

ATLANTA 5693082.1

DIP Financing and any amendment, restatement, or modification related thereto and to consummate any and all transactions contemplated by the DIP Financing and any documents or agreements ancillary thereto and/or (ii) one or more new debtor-in-possession financing facilities, or amend, restate, amend and restate, supplement, or otherwise modify any existing financing facility to provide a debtor-in-possession financing facility, and enter into any associated documents and consummate the transactions contemplated therein with such lenders and on such terms as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company as approved by anyone or more of the Authorized Officers; and (b) pay related fees and grant security interests in and liens upon some, all, or substantially all of the Company's assets, in such case as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with the DIP Financing;

Sale Process

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver or cause to be executed and delivered or otherwise, any and all such other asset purchase agreements, documents, agreements, certificates, writings, and instruments to be delivered in connection with the Sale Process; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to have the Company pay all fees and expenses, which shall in Authorized Officer's sole judgment be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the Sale Process and the transactions contemplated in connection therewith, and to carry out fully the intent of the foregoing resolutions; and it is

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Dentons US LLP and its affiliates be, and hereby are, employed as bankruptcy counsel for the Company in the chapter 11 case; and it is

**FURTHER RESOLVED**, that the law firm of Pachulski Stang Ziehl & Jones LLP and its affiliates be, and hereby are, employed as bankruptcy co-counsel for the Company in the chapter 11 case; and it is

**FURTHER RESOLVED**, that Harris Williams & Co. (or its affiliates) be, and hereby are, employed as investment banker for the Company in the chapter 11 case; and it is

**FURTHER RESOLVED**, that Kurtzman Carson Consultants, LLC (or its affiliates) be, and hereby are, employed as claims and noticing agent for the Company in the chapter 11 case; and it is

-3-

**FURTHER RESOLVED**, that any necessary ordinary course professionals or other advisors may also be employed; and it is

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Managers;

General

**FURTHER RESOLVED**, that any and all actions heretofore taken by the Authorized Officers or the Company, or any of them, in connection with the foregoing resolutions be and hereby are, ratified, confirmed and approved as the act and deed of the Company; and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Company are, and each of them is, hereby authorized, for and on behalf of the Company, to execute, deliver, file, acknowledge and record any and all such documents and instruments, and to take or cause to be done any and all such other things as they, or any of them, may deem necessary or desirable to effectuate and carry out the resolutions adopted hereby.

*[Signatures on Following Page]*

ATLANTA 5693082.1

This Consent may be executed in separate counterparts, each of which shall constitute an original and all of which together shall form a single instrument. Delivery of an executed signature page to this Consent by facsimile or other electronic transmission (including documents in PDF format) will be as effective as delivery of a manually executed counterpart to this Consent. This Consent shall be effective as of the date written above when executed by all of the managers in the places designated for their signatures below.

Upon execution of this Consent, the undersigned hereby direct that this Consent be filed in the Company's minute book.

_____
Suzanne B. Kriscunas
Manager

_____
Sarah G. Roth
Manager

_____
Scott Mahosky
Manager

94335083\V-1

This Consent may be executed in separate counterparts, each of which shall constitute an original and all of which together shall form a single instrument. Delivery of an executed signature page to this Consent by facsimile or other electronic transmission (including documents in PDF format) will be as effective as delivery of a manually executed counterpart to this Consent. This Consent shall be effective as of the date written above when executed by all of the managers in the places designated for their signatures below.

Upon execution of this Consent, the undersigned hereby direct that this Consent be filed in the Company's minute book.


_____
Suzanne B. Kriscunas
Manager


_____
Sarah G. Roth
Manager


_____
Scott Mahosky
Manager

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOSPICE MANAGEMENT HOLDINGS, LLC et al.,[1] | Case No. 16-_____ (___) |
| Debtors. | Joint Administration Requested |

## CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 20 LARGEST UNSECURED CLAIMS ARE NOT INSIDERS

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby certifies that the Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "Top 20 List") submitted herewith contains the names and addresses of the Debtors' top 20 unsecured creditors. To the best of the Debtors' knowledge, the Top 20 List is complete, correct, and consistent with the Debtors' books and records as of the date hereof (the "Petition Date").

The information contained in the Top 20 List is based upon a review of the Debtors' books and records as of the Petition Date. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth in the Top 20 List have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: American Hospice Management, LLC (4237), Hospice of Central Virginia, LLC (6612), Embracing HospiceCare, LLC (2674), Embracing HospiceCare of South Atlanta, LLC (2689), American Hospice Management Holdings, LLC (2689), Frontier Hospice, LLC (0349), Hospice of New Jersey, LLC (9123), FMC Hospice - Conroe, LLC (8960), FMC - Deep East Texas, LLC (8614), Hospice of Arizona, LC (1618), and Hospice of Pennsylvania, LLC (9749). The Debtors' headquarters is located at 50 North Laura Street, Suite 1800, Jacksonville, Florida 32202.

A

**Fill in this information to identify the case:**

Debtor name   American Hospice Management Holdings, LLC, *et al.*

United States Bankruptcy Court for the: _____ District of Delaware
                                                                                   (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Department of Justice U.S. Attorney's Office 36 South Charles Street 4th Floor Baltimore, Maryland 21201 | Attn: Roann Nichols, A.U.S.A (410) 209-4800 | Settlement | | | | 5,515,876.00 |
| 2. | Centers for Medicare and Medicaid Services P.O. Box 100277 Columbia, SC 29202-3277 | Palmetto GBA (727) 531-4350 | Medicare overpayment (NJ, VA, AZ, GA) | Disputed, contingent, and unliquidated | | | 1,034,040.00 |
| 3. | Hospiscript Services P.O. Box 933273 Atlanta, GA 31193-3273 | (334) 956-7508 (334) 956-7559 (Fax) | Pharmacy | | | | 896,916.00 |
| 4. | Jones Day 901 Lakeside Avenue Cleveland, OH 44114 | Michael Weinberg (214) 969-2945 mweinberg@jonesday.com | Legal Services | | | | 877,460.00 |
| 5. | Hospicelink 2145 Highland Avenue South Suite 110 Birmingham, AL 35205 | (877) 325-4032 (866) 256-3960 (Fax) Info@Hospicelink.com | Durable Medical Equipment | | | | 247,265.00 |
| 6. | Aetna P.O. Box 804735 Chicago, IL 60680-4108 | 860-273-0123 860-273-6675 (Fax) | EE Medical Insurance | | | | 245,504.00 |

| Debtor | American Hospice Management Holdings, LLC *et al.* | Case number *(if known)* | |
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. | Arent Fox 1717 K Street, NW Washington, DC 20006-5344 | Jill A. Steinberg (NY) (212) 492-3305 jill.steingberg@arentfox.com | Legal Services | | | | 237,194.00 |
| 8. | Sun Health Services P.O. Box 6030 Sun City West, AZ 85376 | Financial Services Dept. (623) 876-6616 (623) 832-4101 (Fax) | Rent | | | | 145,790.00 |
| 9. | Foley & Lardner LLP 3000 K Street, N.W. Suite 600 Washington, DC 20007-5109 | Judy Waltz (SF) (415) 438-6412 jwaltz@foley.com | Legal Services | | | | 142,936.00 |
| 10. | Henrico Doctors' Hospital - Retreat Campus 8002 Discovery Drive Suite 314 Richmond, VA 23229 | (804) 200-1802 | Rent | | | | 131,237.00 |
| 11. | GA Healthcare Agency, LLC 8590 Royal Troon Drive Duluth, GA 30097 | (678) 205-2010 | Staffing Agency | | | | 116,869.00 |
| 12. | McBee Associates P.O. Box 37135 Baltimore, MD 21297-3135 | (410) 995-6300 (410) 995-6100 (Fax) | Receivables Consultant | | | | 107,040.00 |
| 13. | Waller Lansden Dortch & Davis, PLLC Nashville City Center 511 Union Street, Suite 2700 Nashville, TN 37219-8966 | John J. Park (615) 850-8767 john.park@wallerlaw.com | Legal Services | | | | 106,672.00 |
| 14. | Simione Consultants 4130 Whitney Avenue Hamden, CT 06518 | (800) 949-0388 (203) 287-1309 (Fax) | Compliance Audit | | | | 102,508.00 |
| 15. | American Express NW 66th Avenue Plantation, FL 33313-4571 | (305) 829-7505 | Credit Card | | | | 101,974.00 |
| 16. | Henrico Doctors Hospital, Inc. P.O. Box 402478 Atlanta, GA 30384-2478 | (804) 289-4500 | Nursing Facility | | | | 100,446.00 |

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims

Debtor **American Hospice Management Holdings, LLC** *et al.*
Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | RecoverCare, LLC 1920 Staney Gault Pkwy Suite 100 Louisville, KY 40223 | (502) 489-9449 info@joerns.com | Durable Medical Equipment | | | | 99,463.00 |
| 18 | Guardian P.O. Box 677458 Dallas, TX 75267-7458 | (212) 598-8000 | EE Dental/Vision Insurance | | | | 78,524.00 |
| 19 | St. Vincent's Nursing Home 315 E. Lindsley Road Cedar Grove, NJ 07009 | (973) 754-4800 | Nursing Facility | | | | 77,824.00 |
| 20 | Patina Solutions Group Inc. 13890 Bishops Drive, Suite 320 Brookfield, WI 53005 | Mike Harris, CEO (262) 797-5700 (414) 298-8097(Fax) | Consulting | | | | 62,225.00 |

Fill in this information to identify the case and this filing:

Debtor Name   American Hospice Management Holdings, LLC

United States Bankruptcy Court for the: _____ District of Delaware
                                                                    State)

Case number *(if known):*  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration    Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/__/2016          X _____
             MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                 Scott Mahosky
                                 Printed name

                                 Chief Executive Officer
                                 Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOSPICE MANAGEMENT HOLDINGS, LLC,[1] | Case No. 16-_____ (___) |
| Debtor. | |

### STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(1) and 7007.1, American Hospice Management Holdings, LLC (the "Debtor") respectfully represents as follows:

The Debtor's equity securities are privately held.  To the best of the Debtor's knowledge, information and belief, as of the date hereof, the following individuals and entities directly or indirectly own 10% or more of the issued and outstanding equity securities:

American Hospice Holdings Corporation[2]

### LIST OF EQUITY SECURITY HOLDERS

The following is a list of the Debtor's equity security holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing this chapter 11 case.

| Holder | Address | Class | Shares Held |
|---|---|---|---|
| American Hospice Holdings Corp. | 50 North Laura Street, Suite 1800, Jacksonville, Florida 32202 | Preferred | 508,771 |
| | | Common | 3,430,520 |
| ATP & Associates, Inc. | 415 20th Street St. Augustine, Florida 32084 | Preferred | 21,313 |
| | | Common | 144,643 |
| Jeff Preuss | 3707 Richmond Street Jacksonville, Florida 32205 | Common | 265,660 |
| Andrew Parker | 415 20th Street St. Augustine, Florida 32084 | Common | 118,070 |
| Richard Fogle | 335 St. Johns Forest Blvd. St. Johns, Florida 32259 | Common | 42,366 |
| Jerene B. Mairele | 26810 N. 62nd Drive Phoenix, Arizona 85085 | Common | 30,000 |
| Jean Calder | 4112 N.W. 31st Terrace Oklahoma City, OK 73112 | Common | 12,000 |

---

[1]    The last four digits of the Debtor's taxpayer identification number are 3324 and its address is 50 North Laura Street, Suite 1800, Jacksonville, Florida 32202.

[2]    American Hospice Holdings Corporation is the wholly owned subsidiary of 2000 Riverside Capital Appreciation Fund, L.P.

| Holder | Address | Class | Shares Held |
|---|---|---|---|
| Jill Jacobson | 6364 Squirewood<br>Lake Worth, Florida 33467 | Common | 12,000 |
| Amy Neigeborn | 23 Forest Avenue<br>Glen Ridge, New Jersey 07028 | Common | 12,000 |
| Jim Giordano | 6212 Greenwick Drive<br>Glen Allen, Virginia 23060 | Common | 12,000 |
| Joseph G. Myers | 11 Beuger Road<br>Mobile, Alabama 36608 | Common | 6,000 |
| Joe Sebastianelli | 101 Chestwood Lane, No. 1C<br>Haverford, Pennsylvania 19041 | Common | 12,000 |

Fill in this information to identify the case and this filing:

Debtor Name  American Hospice Management Holdings, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
                                                          (State)

Case number *(if known):* _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration     Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/16 /2016                      X _____
             MM / DD / YYYY                       Signature of individual signing on behalf of debtor

                                            Scott Mahosky
                                            Printed name

                                            Chief Executive Officer
                                            Position or relationship to debtor

Fill in this information to identify the case and this filing:

Debtor Name  American Hospice Management Holdings, LLC

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                                    State

Case number (if known):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration    List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2016          X _____
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       Scott Mahosky
                                       Printed name

                                       Chief Executive Officer
                                       Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOSPICE MANAGEMENT HOLDINGS, LLC et al.,[1] | Case No. 16-_____ (___) |
| Debtors. | Joint Administration Requested |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively the "Debtors") hereby certify that the Creditor Matrix submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the Creditor Matrix is complete, correct and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Creditor Matrix have been completed. Therefore, the listing does not, and should not, be deemed to constitute (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

Dated: March 16, 2016
Wilmington, Delaware

_____
Scott Mahosky
Chief Executive Officer
American Hospice Management
Holdings, LLC et al.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: American Hospice Management, LLC (4237), Hospice of Central Virginia, LLC (6612), Embracing HospiceCare, LLC (2674), Embracing HospiceCare of South Atlanta, LLC (2689), American Hospice Management Holdings, LLC (2689), Frontier Hospice, LLC (0349), Hospice of New Jersey, LLC (9123), FMC Hospice - Conroe, LLC (8960), FMC - Deep East Texas, LLC (8614), Hospice of Arizona, LC (1618), and Hospice of Pennsylvania, LLC (9749). The Debtors' headquarters is located at 50 North Laura Street, Suite 1800, Jacksonville, Florida 32202.